```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MATTHEW R. SMITH, Ex Rel. KASIIN
ALI BEY,

                    Plaintiff,

     -against-                          ORDER
                                        12-CV-2319(JS)(AKT)
CHRIS ANN KELLY,

                    Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Matthew R. Smith, Ex Rel.
                    Kasiin Ali Bey, Pro Se
                    P.O. Box 1624
                    Central Islip, New York 11722

For Defendant:      No Appearance
```

SEYBERT, District Judge:

Before the Court is the fee paid Complaint of pro se plaintiff Matthew R. Smith, ex rel. Kasiin Ali Bey ("Plaintiff") filed pursuant to 42 U.S.C. § 1983 against the defendant, Hon. Chris Ann Kelley, Acting County Court Judge, Suffolk County District Court, 10th Judicial District (the "Defendant").[1] Notwithstanding Plaintiff's payment of the filing fee, for the reasons that follow, the Plaintiff's Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

---

[1] The correct spelling of Judge Kelley's last name includes the letter "e" before the "y". Plaintiff is inconsistent in the spelling of this name, sometimes it is "Kelly" and elsewhere it is "Kelley." To avoid any confusion, the Court corrects the spelling of Judge Kelley's name in the caption and the Clerk of the Court is directed to so amend the caption.

BACKGROUND

Plaintiff, who is alleged to be of Moorish-American nationality, seeks to recover monetary damages allegedly incurred as a result of being ordered by Judge Kelley to submit to a mental health examination on May 11, 2012. As the Court can best discern, Plaintiff is defending himself in an on-going criminal prosecution in the Suffolk County District Court. According to the Complaint, during an appearance before Judge Kelley on May 4, 2012, Plaintiff was ordered to undergo a mental evaluation. Plaintiff describes that, under the authority of the "Zodiac Constitution," and in accordance with the "Peace and Friendship Treaty of 1836," the state court lacks jurisdiction over him given that he is a Moorish-American.

According to the Complaint, Plaintiff requested that Judge Kelley provide Plaintiff with a "citation of authority to presume jurisdiction over a Moorish American and to state the court's jurisdiction for the record." Compl. at ¶ 5. Plaintiff alleges that Judge Kelley failed to do so and therefore now Plaintiff "demand[s] [that] all proceedings cease until CHRIS ANN KELLEY properly established jurisdiction for the record." Compl. at ¶ 6. Plaintiff seeks to recover $100,000.00 for "libel" as well as $800.00 for "filing, service and handling" and "daily interest for enduring encumbrance of the present libel" of $1,000.00 per day.

DISCUSSION

I.  Standard of Review

A district court is required to dismiss a complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Regardless of whether a plaintiff has paid the filing fee, a district court should dismiss a complaint, sua sponte, if it determines that the action is frivolous. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted). It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's pro se complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Chavis v. Chappius,

3

618 F.3d 162 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)); see, also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

Further, "subject matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or where there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332). There is an independent obligation for a federal court to "determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citation omitted). When a federal court concludes that it lacks subject matter jurisdiction, it must dismiss the complaint in its entirety. Fed. R. Civ. P. 12(h)(3).

II. <u>Application</u>

Having carefully reviewed Plaintiff's Complaint, the Court finds that it fails to state a plausible claim. As a threshold matter, Plaintiff has not properly invoked this Court's subject matter jurisdiction. Plaintiff has not alleged a federal question nor has he satisfied the diversity requirement because Plaintiff, an alleged New York resident, seeks to sue a New York Defendant, namely Judge Kelley, Acting County Court Judge, Suffolk County District Court, 10th Judicial District.

Even if the Court's subject matter jurisdiction were established, which it is not, the Complaint must be dismissed because it is frivolous. Liberally read, <u>see</u> <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L. Ed. 163 (1980), the gravamen of Plaintiff's Complaint is that he is not subject to the jurisdiction of the New York state court and therefore does not have to comply with the order entered by Judge Kelley. The law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside. <u>See, e.g.</u>, <u>Bey v. Jamaica Realty</u>, No. 12-CV-1241(ENV), 2012 WL 1634161, *1 n. 1 (E.D.N.Y. May 9, 2012) (citing <u>Bey v. Am. Tax Funding</u>, No. 11-CV-6458, 2012 WL 1495368, at *6 (W.D.N.Y. Apr. 27, 2012); <u>Gordon v. Deutsche Bank</u>, No. 11-CV-5090, 2011 WL 5325399, at *1 n. 1 (E.D.N.Y. Nov. 3, 2011); <u>see, also</u> <u>Bey v. City of Rochester</u>, 2012 WL 1565636, at *8 (W.D.N.Y. Apr. 30, 2012)

(citing El-Bey v. North Carolina, No. 5:11-CV-0423FL, 2012 WL 368374, at *2 (E.D.N.C. Jan. 9, 2012) (unpublished) ("[A]ny claim based on the contention that Plaintiffs are not subject to the laws of North Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of 1787 is frivolous."), recommendation adopted, 2012 WL 368369 (E.D.N.C. Feb. 3, 2012) (unpublished); Bey v. American Tax Funding, No. 11-CV-6458(CJS), 2012 WL 1498368, at *6 (W.D.N.Y. Apr. 27, 2012) ("[Plaintiffs'] purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence."); Gordon v. Deutsche Bank Nat. Trust Co., No. 11-CV-5090(WFK), 2011 WL 5325399, *1, n. 1 (E.D.N.Y. Nov. 3, 2011) ("Plaintiff's suggestion that as a member of the 'Moorish-American" nation he is immune from the laws of the United States is misguided") (citing Bey v. Bailey, No. 09-CV-8416, 2010 WL 1531172, at *4 (S.D.N.Y. Apr.15, 2010) ("petitioner's claim that he is entitled to ignore the laws of the State of New York by claiming membership in the 'Moorish–American' nation is without merit . . . .") (add'l citation omitted).

      Because the Court is required to dismiss a civil action "at any time of the court determines that . . . the action . . . is frivolous," Plaintiff's Complaint is dismissed.  The instant Complaint is clearly frivolous given Plaintiff's claim that he is not subject to the jurisdiction of the New York state court because he is a Moorish American.  Neitzke v. Williams, 490 U.S. 319, 325,

109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (a claim is "frivolous" if it lacks an arguable basis in either law or fact). Clearly, the allegations in the instant Complaint are based upon an indisputably meritless legal theory and are thus dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)B)(i).

Even if the Plaintiff's claims were not frivolous, Plaintiff cannot recover damages from the Defendant, a sitting New York State Court Judge, Suffolk County District Court, since as a judge, she is entitled to absolute judicial immunity as well Eleventh Amendment Immunity. Mahapatra v. Comstock, 141 F.3d 1152 (2d Cir. 1998) ("[T]he district court properly dismissed the claims for damages based on absolute immunity [because] [j]udges are shielded from liability for civil damages for judicial acts performed in their judicial capacities.") (citing Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53-55, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).

Given that the Complaint is based on an indisputably meritless legal theory, the Court declines to afford Plaintiff leave to amend his Complaint, as any amendment would be futile. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

## CONCLUSION

For the reasons set forth above, the Complaint is sua sponte dismissed with prejudice.  The Clerk of the Court is directed to close this case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    May   24  , 2012
          Central Islip, New York